IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKE WELLINGTON,

        Plaintiff,

  v.

LANE COUNTY, GRETA UTECHT
(individual capacity), ROB
ROCKSTROH (individual
capacity), BILL FLEENOR
(individual capacity), and
TOM HOWARD (individual
capacity),

        Defendants.

Case No. 6:09-cv-06063-AA
OPINION AND ORDER

Thomas K. Doyle
Bennett, Hartman, Morris & Kaplan, LLP
210 S.W. Morrison Street, Suite 500
Portland, Oregon 97204
    Attorney for plaintiff

Stephen E. Dingle
Daniel R. Prince
Lane County Office of Legal Counsel
125 E. Eighth Avenue
Eugene, Oregon 97401
    Attorneys for defendant Lane County

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Lane County ("County") filed a renewed motion for summary judgment, pursuant to Fed. R. Civ. P. 56, on plaintiff Mike Wellington's Oregon Family Medical Leave Act ("OFLA") and Family Medical Leave Act ("FMLA") claims, which are before this Court on remand from the Ninth Circuit. The County's motion is denied.

## BACKGROUND

Plaintiff worked as the program manager for the Lane County Animal Regulation Authority from 2000 through 2008, when he was terminated. Plaintiff's office was initially located at the animal shelter in West Eugene; his responsibilities included managing the County's animal shelter and supervising several people.

In May 2007, the Lane County Board of Commissioners ("Board") created the Save Adoptive Animals Task Force ("SAATF") in order to significantly decrease the number of adoptive animals that were euthanized. Also in May 2007, the Board moved the Lane County Animal Regulation Authority to the Department of Human Services, and later renamed it the Lane County Animal Services. During this time period, some County citizens criticized the management of Lane County Animal Services because too many animals were euthanized.

On September 19, 2007, the SAATF issued its cumulative report, recommending that the County's animal shelter appropriate changes which would ensure that more animals were adopted instead of euthanized. Plaintiff spoke out publicly against these changes. On September 21, 2007, Bill Fleanor, an elected member of the Board, sent an email to plaintiff's supervisor, stating that the

Page 2 - OPINION AND ORDER

County should seriously consider replacing plaintiff as the manager of Lane County Animal Services because of his failure to embrace the proposed changes. On October 3, 2007, the Board ordered the County staff to prepare a plan for implementing the recommendations of the SAAFT.

In December 2007, plaintiff received approval for an adjustment to his work schedule so that he could obtain medical treatment. In January 2008, plaintiff requested medical leave in order to undergo chemotherapy for treatment of his Hepatitis C. The leave was approved by the County as FMLA and OFLA leave. While plaintiff was on leave, the County commissioned a survey of shelter employees. The results reflected that some shelter employees were unhappy with plaintiff's management.

When plaintiff returned to work on March 18, 2008, he was told to report to his supervisor, who notified plaintiff that his office was not ready and placed him on non-disciplinary administrative leave. During that time, plaintiff was instructed, without explanation, not to go to the animal shelter or to contact shelter staff. Plaintiff returned to work a week later, but at an office building in downtown Eugene rather than at his office at the shelter. Plaintiff was also informed that he would no longer be directly supervising any of the shelter staff; in addition, his managerial responsibilities were modified. In May 2008, plaintiff was terminated; he was informed by the County that his position was eliminated due to budget cuts.

On September 12, 2008, plaintiff filed a complaint with the

Page 3 - OPINION AND ORDER

Bureau of Labor and Industries, from which he received a right to sue letter. On February 2, 2009, plaintiff filed a complaint in Lane County Circuit Court, alleging violations of the OFLA, the FMLA, and 42 U.S.C. § 1983, as well as disability discrimination under the Americans with Disabilities Act ("ADA") and its Oregon counterpart, Or. Rev. Stat. § 659A.112 ("OADA"). On March 9, 2009, defendants removed plaintiff's complaint to this Court. On June 4, 2010, defendants filed a motion for summary judgment on all of plaintiff's claims, which this Court granted on December 8, 2010.

Plaintiff appealed that decision to the Ninth Circuit Court of Appeals; on December 5, 2011, the Ninth Circuit affirmed in part and vacated in part this Court's decision, thereby remanding plaintiff's case for further proceedings. Specifically, the Ninth Circuit held that genuine issues of material fact existed as to plaintiff's OFLA, FMLA, ADA, and OADA claims. Thereafter, the parties attempted to settle their dispute but were unable to do so. On July 24, 2012, the County[1] filed a renewed motion for summary judgment solely as to plaintiff's OFLA and FMLA claims.

**STANDARD**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine dispute as to any material fact and that the [moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive

---

[1] The County is the only remaining defendant at this stage in the proceedings.

Page 4 - OPINION AND ORDER

law on an issue determines the materiality of a fact. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Elec.</u>, 809 F.2d at 630.

## DISCUSSION

The County contends that this Court must determine, as a matter of law, whether the position that plaintiff returned to after his protected leave was equivalent to that of his former position. "If the Court finds that the positions were equivalent, then [plaintiff] has not stated a prima facie claim for FMLA[2]

---

[2] The OFLA "shall be construed to the extent possible in a manner that is consistent with any similar provisions of [the FMLA.]" Or. Rev. Stat. § 659A.186(2). Accordingly, the Court

Page 5 - OPINION AND ORDER

interference" and the County is entitled to summary judgment. Def.'s Mem. in Supp. of Mot. Summ. J. 16. Conversely, plaintiff argues that the County's motion should be denied because it: (1) is precluded by the law of the case doctrine; (2) was not filed in accordance with Fed. R. Civ. P. 56; and (3) fails on the merits.

I.  Law of the Case Doctrine

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988), cert. denied, 503 U.S. 936 (1992) (citations omitted). In other words, a lower court is bound by a higher court's mandate and cannot depart from that decision. See Old Person v. Brown, 312 F.3d 1036, 1039-42 (9th Cir. 2002), cert. denied, 540 U.S. 1016 (2003). The doctrine "encompasses a court's explicit decisions as well as those issues decided by necessary implication." Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir. 1989) (citation and internal quotations omitted).

The doctrine, however, is subject to three exceptions; thus, a court may reconsider an issue that was previously decided in the same case where: (1) the prior decision is clearly erroneous and would work a manifest injustice; (2) intervening controlling authority exists; or (3) substantially different evidence was adduced at a subsequent trial. Old Person, 312 F.3d at 1039.

Here, the County does not address this doctrine, or any of its

---

addresses plaintiff's OFLA and FMLA claims together.

Page 6 - OPINION AND ORDER

exceptions, in its motion. Regardless, as the County acknowledges, for an FMLA interference claim, plaintiff "must show only a denial of FMLA leave or a failure to reinstate upon return to the same or equivalent position." Def.'s Mem. in Supp. of Mot. Summ. J. 15; see also Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011). Here, however, the Ninth Circuit expressly held that

> triable issues preclude the entry of summary judgment on Wellington's FMLA and OFLA claims. Genuine issues of material fact exist as to whether he returned to the same, or an equivalent, position . . . Genuine issues of material fact also exist as to whether Lane County would have reduced Wellington's job responsibilities and ultimately terminated his employment regardless of whether he took protected leave, particularly in light of the temporal proximity between his return from medical leave and these alleged adverse employment actions.

Wellington v. Lane Cnty., 460 Fed.Appx. 690, 692 (9th Cir. 2011) (citations omitted).

The record reveals that the parties presented argument regarding these matters on appeal; the "Ninth Circuit also questioned defendant during oral argument regarding the equivalency issue." Pl.'s Resp. to Mot. Summ. J. 5. Thus, the Ninth Circuit considered and decided the very issue on which the County now seeks summary judgment. Further, none of the exceptions are implicated. As a result, this Court cannot reassess whether the position that plaintiff returned to after his protected leave was equivalent to that of his former position. Doing so would undermine the Ninth Circuit's decision, as well as the efficiency and economy of the appellate process as a whole. See Old Person, 312 F.3d at 1039 (the "appellate court cannot efficiently perform its duty to provide expeditious justice to all if a question once considered

Page 7 - OPINION AND ORDER

and decided by it were to be litigated anew in the same case upon any and every subsequent appeal").

Moreover, to the extent that the County's motion is premised on whether the decision to eliminate plaintiff's position was unrelated to the protected leave, it is also precluded by the law of the case doctrine.[3] Therefore, the County's motion is denied.

II. Requirements of Fed. R. Civ. P. 56

A party may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless "the court orders otherwise." Fed. R. Civ. P. 56(b). It is undisputed that discovery closed in this case over a year ago and, further, that the County did not seek leave from this Court before filing its renewed motion. As such, the County's motion fails to comply with Fed. R. Civ. P. 56, as well as Local Rule 56-1(b). See LR 7(f)(3) ("[u]nless directed by the Court, no further briefing is allowed [on a motion for summary judgment] other than the briefing allowed under LR 56-1(b)"). For this additional reason, the County's motion is denied.

---

[3] The County contends that the Ninth Circuit improperly considered "temporal proximity" and "adverse employment actions" in finding that genuine issues of material fact existed as to whether the decision to terminate plaintiff was related to his FMLA leave. Here, the phrase "adverse employment actions" clearly refers to plaintiff's ultimate termination and reinstatement to a position that was allegedly not equivalent. Moreover, the employer bears the burden of proof in establishing that it had a legitimate reason to deny reinstatement to an employee who took FMLA leave, at which point temporal proximity may become relevant. See Sanders, 657 F.3d at 779-81; see also Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000).

Page 8 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, the County's renewed motion for summary judgment (doc. 108) is DENIED. Accordingly, plaintiff's request for oral argument is DENIED as unnecessary. The Court will schedule a telephone status conference to set a trial date.

IT IS SO ORDERED.

Dated this 21st of September 2012.

_____
Ann Aiken
United States District Judge