IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKE WELLINGTON,

           Plaintiff,

    v.

LANE COUNTY, et al.,

           Defendants.

Case No. 6:09-cv-06063-MC

OPINION AND ORDER

MCSHANE, Judge:

After a jury returned a verdict for defendants, plaintiff Mike Wellington moves for

judgment as a matter of law pursuant to rule 50(b) or, in the alternative, a new trial pursuant to

rule 59. (ECF No. 184.) Plaintiff brought discrimination claims as well as claims under the

Family and Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA). Plaintiff's

pending motion relates only to FMLA and OFLA claims. For the reasons stated below, plaintiff's

motion is DENIED.

## STANDARDS

"Judgment as a matter of law is appropriate when the evidence, construed in the light

most favorable to the non-moving party, permits only one reasonable conclusion, which is

1 – OPINION AND ORDER

contrary to the jury's verdict." *Hagen v. City of Eugene*, 736 F.3d 1251, 1256 (9th Cir. 2013)

(quoting *Omega Envtl. Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997).

Under Rule 59, a trial court may order a new trial only if the jury's verdict was against

the clear weight of the evidence, based on false evidence, or presents a miscarriage of justice.

Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal citation omitted).

## DISCUSSION

As is the case with most trials, the jury was presented with two contrasting versions of

events. Wellington argued that defendants first failed to reinstate him to the same or an

equivalent position following medical leave, and then terminated him, motivated at least in part

by the fact he took leave. Defendants argued that any decisions made regarding Wellington and

his position with the county were made due to factors totally unrelated to Wellington's leave.

Recognizing that requiring employers to provide leave is only a partial protection for

workers, the FMLA also requires employers to reinstate employees returning from leave to the

same or an equivalent position. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

The OFLA requires employers to go further than the FMLA, allowing reinstatement to an

equivalent position only if the employee's former position no longer exists. ORS 659A.171(1).

The protections to employees in the FMLA and OFLA, however, are not absolute. As is the case

here, an employer may present an affirmative defense that any change in an employee's position

would have occurred even if he had not taken leave. After four days of trial, the jury concluded

defendants had proven, by a preponderance of the evidence that they "would have made the same

decision with respect to Mr. Wellington's employment even if Mr. Wellington had not taken

protected leave under the Family and Medical Leave Act[.]" (Verdict, Question 2.)

2 – OPINION AND ORDER

Substantial evidence supported the jury's conclusion. Wellington's "catch and kill" policy was, at least with respect to a very vocal and active section of the community, extremely unpopular. Local media coverage of the controversial policy was in full force around the time of Wellington's leave. Additionally, defendants presented extensive evidence demonstrating that around the time of Wellington's leave, serious questions were raised as to Wellington's management style. Specifically, multiple employees supervised by Wellington testified to a culture of fear endemic at the shelter. The employees could not come forward earlier due to fears of retaliation from Wellington.

As to the elimination of Wellington's position, the overwhelming evidence presented at trial was that county commissioners made the decision to eliminate Wellington's position due to a severe budget crisis, and not in retaliation for Wellington taking protected leave. In fact, the commissioners were unaware of Wellington's medical condition until well after the events in question. Although Wellington argued the county's budget woes were manufactured (at least as to his position), the jury rejected that argument.

In short, substantial evidence supported the jury's conclusion that any changes with respect to Wellington's employment would have been made even if Wellington had not taken protective leave. As the OFLA equitable claims are based on the same set of facts as the FMLA legal claims, I am bound to follow the jury's implicit or explicit findings. *Sanders*, 657 F.3d at 783.

That said, regardless of the jury's findings, I conclude the evidence clearly demonstrated defendants here would have taken the same actions had Wellington not taken leave. Specifically, it is clear employee morale at the shelter was, to say the least, quite low. Equally clear is that several employees felt they could not complain about Wellington, for fear of retaliation, while he

3 – OPINION AND ORDER

ran the shelter. Increasing political pressure, including budget woes, strained the shelter. Those external issues were contemporaneous with Wellington taking leave. I find no evidence whatsoever that defendants considered Wellington's leave in any manner in respect to any employment actions. Therefore, I find for defendants on Wellington's OFLA claim. *See* Or. Admin. R. 839-009-270(3) ("The employee is not entitled to return to the former position if the employee would have been bumped if OFLA leave had not been taken.").

### CONCLUSION

Plaintiff's motion for judgment as a matter of law or, in the alternative, motion for a new trial (ECF No. 184) is DENIED. The court finds for defendant on plaintiff's OFLA claim. IT IS SO ORDERED.

DATED this ⎽13⎽ th day of February, 2014.

Michael McShane
United States District Judge

4 – OPINION AND ORDER